# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANALYTICAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN DAIRY QUEEN CORPORATION, <br><br> Defendant. | CASE NO. 2:24-cv-00445-JRG <br><br> (LEAD CASE) |
| ANALYTICAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant | CASE NO. 2:24-cv-00448-JRG <br><br> (MEMBER CASE) |

**DEFENDANT STARBUCKS CORPORATION'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEYS' FEES PURSUANT TO RULE 37**

Pursuant to this Court's Discovery Order, ECF No. 49, Defendant Starbucks respectfully moves to compel adequate responses to Starbucks Request For Admission Nos. 9-10 and Interrogatory Nos. 1-2. Prior to filing this Motion, Starbucks engaged in the process as set forth in this Court's Discovery Order, including sending detailed Written Statements as required in ¶ 9(a) of said Order and engaging in multiple meet and confers as set forth in the Local Rule 7(h)-(i) Statement, *infra*. The Parties were unable to resolve the dispute. Plaintiff Analytical Technologies LLC ("AT") opposes this Motion.

## MATERIAL BACKGROUND

Plaintiff AT asserts only Claim 1 of the Asserted Patent, a method claim. ECF No. 52 ¶ 27 ("AT's Infringement Contentions only asserted Claim 1 of the Asserted Patent."); ECF No. 66 ¶27 (admitted). AT admits that the Asserted Patent expired before it filed its Complaint against Starbucks. AT ANSWER TO STARBUCKS COUNTERCLAIMS, ECF No. 66, ¶ 17 ("US8799083B1 expired on November 11, 2023.").

In its Local Patent Rule 3-1 Infringement Contentions, AT's only theories of infringement were (1) that Starbucks itself performed the method steps of Claim 1 or (2) that Starbucks induced its customers to perform the claimed method steps:

### 1. Claim Chart

| Claim | Analysis |
|---|---|
| [1.P] A method, comprising: | Starbucks ("Company") performs and/or induces others to perform a method comprising: receiving at least one request of at least one service related to a restaurant menu from a mobile phone. |

. . .

| | supplement these contentions pursuant to production of such source code by the Company. |
|---|---|
| [1.1] uploading, by a system of a | Company performs and/or induces others to perform a step of uploading, by a system of a restaurant, a bill for the at least one service to the mobile phone. |

. . .

> [1.2] performing a self-checkout by a at least
>
> Company performs and/or induces others to perform a step of performing a self-checkout by at least one customer whereby payment for the at least one service is submitted by the at least one customer via the mobile phone to the system, wherein the payment is submitted without interaction with staff associated with the restaurant.

AT Infringement Chart, at pps. 2, 5, 7 (ECF No. 50-2).

But Starbucks cannot directly infringe via its own performance of the claimed method steps because the sole Asserted Claim requires the customer to perform at least one step:

1. A method, comprising:

    [a] receiving at least one request of at least one service related to a restaurant menu from a mobile phone;

    [b] uploading, by a system of a restaurant, a bill for the at least one service to the mobile phone; and

    [c] *performing a self-checkout by a at least one customer* whereby payment for the at least one service *is submitted by the at least one customer via the mobile phone* to the system, wherein the payment is submitted without interaction with staff associated with the restaurant.

'083 Patent, Claim 1, ECF No. 1-1, at 27:35-44 (emphasis added).

Starbucks cannot be a direct infringer based on its own performance of the claimed steps alone because the customer must perform, at least, limitation [c].

Starbucks also cannot be an indirect infringer because it did not have knowledge of the Asserted Patent before it expired. *Mobile Telecomms. Techs., LLC v. ZTE (USA) Inc.*, Case No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 199666, at *18 (E.D. Tex. Aug. 11, 2016) (Gilstrap, J.); *Mass. Inst. of Tech. v. Abacus Software, Inc.*, Case No. 5:01-CV-344, 2004 U.S. Dist. LEXIS 30053, at *102 (E.D. Tex. Aug. 24, 2004) ("Without knowledge of the patent, there can be no indirect infringement. The undisputed evidence shows that Fry's had no knowledge of the '919 patent until after that patent had expired.")

Because the infringement allegations in AT's Local Patent Rule 3-1 disclosures fail, in its First Amended Complaint ("FAC"), AT plead a new infringement theory not timely disclosed

2

under this Court's Docket Control Order, ECF No. 45, and not disclosed in AT's Local Patent Rule 3-1 disclosures, *i.e.*, that Starbucks is a direct infringer under a theory of divided infringement and in accordance with "*Travel Sentry*". *See* FAC, ECF No. 50, ¶¶49-50 (citing "divided infringement" and *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1381 (Fed. Cir. 2017).)

Under *Travel Sentry* "liability under § 271(a) can also be found when an alleged infringer [1] conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and [2] establishes the manner or timing of that performance[.]" *Travel Sentry,* 877 F.3d, at 1378. As such, even under AT's new theory, Starbucks cannot be a direct infringer because it does not "condition participation" and establish the manner and timing of customers' performance (ordering coffee or food at its stores) upon performance of the steps of Claim 1 of the '083 Patent. For example, Starbucks does not require its customers to order food using the Starbucks App (Claim 1, lim [a]), and Starbucks does not require its customers to pay for food using the Starbucks App (lim [c]). Starbucks Requests For Admission, *infra*, ask AT to tell the truth, *i.e.,* admit Starbucks does not does not meet the requisite test for divided infringement because it does not condition use of its stores upon ordering or paying for food with its mobile phone application. AT has refused to properly respond.

## REQUESTS FOR ADMISSION

**Starbucks RFA No. 9** asks, "Admit that a customer of Starbucks can order food without using a mobile phone."

Plaintiff AT responded as follows, "Denied as written. Starbucks' request is vague and ambiguous because it does not define "food" or "customer." For example, a mobile order customer or a grab-and-go consumer must pay for and order through the accused Starbucks App. Plaintiff also objects to Starbucks' improper use of a request for admission. The information

3

sought—whatever it may or may not include—is clearly within the possession of Starbucks, not Plaintiff."

AT's objections are improper. For example, AT objects, "Starbucks' request is vague and ambiguous because it does not define 'food' or 'customer.'" But, the Asserted Patent itself uses the term "food" twenty-three (23) times. And AT's Complaint and FAC use the word "food" in the context of Claim 1 twenty-nine (29) times each. *See, e.g.,* FAC, ¶ 18 ("The Patents-in-Suit relate to customer service management systems and methods, particularly systems and methods for customers ***to order and pay for food*** items and/or beverages remotely using their mobile phone.") (emphasis added). And, the word "customer" is in the Asserted Claim. Claim 1, lim [c], *supra*. And, AT uses the term "customer" in its Local Patent Rule Infringement Contentions. *See* ECF No. 50-2, at 7.[1] This RFA is directly relevant, indeed its admission establishes that Starbucks does not infringe, and should be answered by AT.

**Starbucks RFA No. 10** asks, "Admit that a customer of Starbucks can pay for food without using a mobile phone."

In response, AT copied the same improper response as to RFA No. 9, *supra*. The truthful response to this RFA is "admitted," and AT's refusal to properly respond is telling. Nonetheless, AT must respond.

## INTERROGATORIES

In addition to the RFAs aimed at admissions of non-infringement, *supra*, Starbucks also served two Interrogatories seeking evidence in support of (1) liability for Starbucks Section 285 contingent claim for attorneys' fees (ECF No. 52, ¶¶ 49, 53-45, et cet.), (2) the real party in interest under Rule 19, and (3) Starbucks counterclaim against Mr. Rothschild under the Texas

---

[1] AT's Infringement Contentions are identical to ECF No. 50-2.

4

Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code §§ 24.001-24.05 (*id.*, at ¶¶ 52-81). AT also refused to properly respond to those Interrogatories.

**Starbucks Interrogatory No. 1** asks, "Describe with specificity all facts that You contend render Your corporate form legitimate and not a sham, for example, (1) Your capitalization (2) whether You keep separate books and the form of said books, (3) the division between Your corporate assets and other entity or persons assets (e.g. PAM or Leigh M. Rothschild), (4) Your corporate formalities, (5) Your bank account and balance in said account monthly since inception, etc."

> Plaintiff AT failed to provide any actual detailed responses:
>
> Plaintiff AT raises these specific objections: Vague based on the Starbucks definitions provided for the terms used in this request; harassment, improper purpose, not relevant, vague as to "corporate form legitimate and not a sham." Plaintiff is available to meet and confer to better understand the appropriate scope of this interrogatory. Further, Plaintiff objects to this interrogatory on the grounds that it is vague, overly broad, and seeks information that is irrelevant and not proportional to the needs of this case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically, Plaintiff objects to requests for "all facts" and highly specific financial details, including monthly bank account balances, as these are overly intrusive and not relevant to any claim or defense in this litigation.
>
> Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
>
> 1. **Capitalization**: Plaintiff was initially funded with the capital necessary to cover minimal operating costs. Plaintiff continues to be adequately funded for its business operations. Pursuant to Rule 33(d), Plaintiff also provides documents relevant to this response.
>
> 2. **Books and Records**: Plaintiff maintains separate and distinct books and records of its financial transactions, expenses, and accounting. Although these records are not kept in a formal software program, Plaintiff tracks its accounting and files all necessary tax documents through a professional tax representative.
>
> 3. **Corporate Formalities**: Plaintiff observes corporate formalities in accordance with its Operating Agreement. These formalities include holding meetings, maintaining separate bank accounts, and observing other organizational protocols to ensure adherence to corporate structure.

4. **Separation of Assets**: Plaintiff maintains complete separation between its assets and those of any other entities or individuals. A letter from Plaintiff's Bank is produced with these responses under Rule 33(d).

5. **Bank Account**: Plaintiff maintains a separate bank account dedicated solely to its operations. Due to the overly burdensome nature of this request, Plaintiff objects to providing monthly account balances, as such information is irrelevant to the claims or defenses in this case.
Also, it is not likely to lead to discoverable information. A letter from Plaintiff's Bank is produced with these responses under Rule 33(d).

AT does not provide its bank balances (nor a bank statement under Rule 33(d), as has been repeatedly requested by Starbucks). AT does not provide its corporate structure nor describe corporate formalities.  AT notes but does not provide AT's Operating Agreement.  In short, AT failed to provide any actual information.

Starbucks requests that AT provide actual detailed responses to Interrogatory No. 1, including (1) its initial capitalization and monthly bank balances, (2) a detailed description of its observances of corporate formalities including a bank account and book-keeping separate from Mr. Rothschild and Patent Asset Management, (3) a detailed description of its ownership and management structure.  Further, AT should be compelled to produce monthly bank statements demonstrating its distinct corporate identity and capitalization.

**Starbucks Interrogatory No. 2** asks, "Excluding outside counsel, identify with specificity any and all persons with decision-making authority over This Litigation."

Plaintiff AT responded to Interrogatory No. 2 as follows:

Plaintiff AT objects to this interrogatory as premature; as well as it is vague to the phrase 'any and all persons' and vague as to the phrase 'decision-making authority' and vague as to the term 'over' and vague as to the term 'This Litigation' where the scope of definition of 'This Litigation' as the parties to this litigation are in flux due to Starbucks adding one and then three third parties, and those parties including some third parties have not yet made appearances. Plaintiff AT is available to meet and confer to better understand how to answer this response given the status of the case.

Starbucks met with counsel for AT on December 9, 2024, in January 2025, and again on

February 13, 2025. Starbucks also sent AT a draft of this Motion. AT refused to amend its interrogatory responses.

## REQUEST FOR ATTORNEYS' FEES

Starbucks requests attorneys' fees for the time spent drafting this Motion and any subsequent activity (e.g., hearings) necessary to adjudicate this Motion pursuant to Rule 37(a)(5)(A). *See Mobile Equity Corp. v. Walmart Inc.,* No. 2:21-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS 1135, at *9 (E.D. Tex. Jan. 4, 2022).

Dated: February 14, 2025                                Respectfully submitted,

*/s/ Rachael Lamkin*

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Rachael Lamkin
**BAKER BOTTS L.L.P.**
101 California Street
Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6264
Facsimile:  (415) 291-6364
Email: rachael.lamkin@bakerbotts.com

*Counsel for Starbucks Corporation*

7

## CERTIFICATE OF CONFERENCE

The undersigned hereby confirms that counsel for Starbucks sent AT multiple written communications and engaged in multiple conferences in December 2024, including specifically a video conference on December 9, 2024, again in January 2025, and again on February 13, 2025. Lead counsel Rachael Lamkin and local counsel McKellar Karr participated for Starbucks. Lead counsel Randall Garteiser participated for AT in the December 2024 and January 2025 conferences. Rene' Vazquez of Garteiser Honea participated in the February 13, 2025, conference. Mr. Vazquez reviewed a copy of this Motion prior to the February 13, 2025, conference.

Regardless, counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Starbucks Motion is opposed. No resolution could be reached as counsel for AT did not believe AT had an obligation to respond to the RFAs and Interrogatories at-issue.

/s/ Rachael Lamkin
Rachael Lamkin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this February 14, 2025.

/s/ Melissa R. Smith
Melissa R. Smith