# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANALYTICAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN DAIRY QUEEN CORPORATION, <br><br> Defendant. | Case No. 2:24-CV-00445-JRG-RSP <br><br> (LEAD CASE) |
| ANALYTICAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | Case No. 2:24-CV-00448-JRG-RSP <br><br> (MEMBER CASE) |

**DEFENDANT STARBUCKS CORPORATION'S MOTION FOR A PROTECTIVE ORDER QUASHING PLAINTIFF'S DEPOSITION NOTICE OF <u>STARBUCKS LEAD COUNSEL RACHAEL LAMKIN</u>**

Defendant Starbucks Corporation ("Starbucks") moves for a protective order quashing Plaintiff Analytical Technologies, LLC's ("AT") deposition notice of Rachael Lamkin ("Ms. Lamkin"), Starbucks lead trial counsel in this matter.

## I. INTRODUCTION

The practice of forcing trial counsel to testify as a witness has long been discouraged. *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (cleaned up)). "It causes the standards of the profession to suffer and disrupts the adversarial nature of our judicial system." *Id.* (cleaned up).

AT (and thus Rothschild) seeks to take the deposition of Starbucks lead trial counsel, Ms. Lamkin. AT's deposition notice is but one of many attempts by AT and its owner to intimidate Ms. Lamkin, hoping she will convince Starbucks to drop its Texas Uniform Fraudulent Transfer Act ("TUFTA") counterclaim against Mr. Rothschild. Rothschild's counsel has threatened Ms. Lamkin, Mr. Rothschild has personally sued Ms. Lamkin in his home state of Florida, and now Rothschild hopes an improper deposition notice will finally force Starbucks and its counsel to surrender Starbucks properly asserted TUFTA counterclaim. But Rothschild's tactics cannot carry the day. Starbucks asks that AT's deposition notice of Starbucks lead trial counsel be quashed.

## II. MATERIAL BACKGROUND

On June 14, 2024, Plaintiff AT filed a Complaint alleging infringement of Claim 1 of US Patent No. 8,799,083, a method claim. The '083 Patent expired prior to suit and the customer performs, at least, limitation (c) according to the express terms of Claim 1. '083 Patent, ECF No. 1-1, 27:40-42 ("performing a self-checkout by a at least one customer whereby payment for the at least one service is submitted by the at least one customer via the mobile phone to the system[.]")

Because the '083 Patent expired prior to suit, and because the customer performs at least

one of the steps of the asserted method claim, AT plead that Starbucks had pre-suit knowledge of the '083 Patent. ECF No. 1, ¶ 16. That fact was not true. AT's counsel admitted the fact was a "misrepresentation" (ECF No. 84-4) and filed an Amended Complaint (ECF No. 50).

In its First Amended Complaint ("FAC"), AT pivoted to a divided infringement theory but then refused to respond to discovery requests that would require acknowledging that Starbucks does not infringe. *See* Starbucks Motion to Compel, ECF No. 93. In response to AT's FAC, Starbucks has filed a TUFTA counterclaim against AT's owner Leigh Rothschild. ECF No. 52. As part of its TUFTA counterclaim, Starbucks plead that Rothschild set up AT as a sham entity to shield himself from personal liability for filing suit against Starbucks knowing that Starbucks does not infringe. *Id.*, at ¶¶ 8, 12-81. After Starbucks filed its TUFTA counterclaim against Mr. Rothschild, Rothschild sued Starbucks and Ms. Lamkin personally in the Southern District of Florida alleging multiple meritless claims including defamation for interviews Ms. Lamkin did in 2017 and 2024 ("SDFL Litigation").[1] After filing the SDFL Litigation, counsel for AT and Rothschild began sending threatening emails to Ms. Lamkin, including:

- "As a sad analogy, there is a proper approach to preventing wild fires in CA - e.g. implementation of control burns, but that isn't always implemented. ***As a result, bad things happen to people and property***."
- "It appears Baker Botts has developed a conflict of interest with Starbucks. Baker Botts is now are [*sic*] on notice of this conflict of interest given Baker Botts' actions against Rothschild by providing Bloomberg statements that are not true, apparently done by to [*sic*] disparage him. It's deplorable conduct that Starbucks is responsible for in this particular litigation."
- "Please provide us some dates for Lammin's [*sic*] deposition. . . . AT wants to explore her scope of testimony as a percipient witnes [*sic*] at trial and to determine why she believes should [*sic*] not be disqualified from representing Starbucks since she is a biased witness in this litigation and has filed legal allegations against at least management person outside of this litigation."

Lamkin Decl., Exhs. A-B (emphasis added).

---

[1] *AT and Rothschild v. Lamkin and Starbucks*, 1:24-cv-24669-DPG.

Mr. Garteiser's emails include threats of "bad things" directed at Ms. Lamkin and her property, as well as attempts to sow discord between Ms. Lamkin and her client, Starbucks.

On February 14, 2025, AT emailed a deposition notice to Ms. Lamkin. Lamkin Decl., Exh. C. AT's deposition notice explained that Rothschild and his counsel (through AT) wished to take Ms. Lamkin's deposition based on (1) a declaration Ms. Lamkin filed in this matter and (2) "any bias she possesses against plaintiff Analytical Technologies or its owners based on her court filed causes of actions in the SDFL." *Id*. It appears AT aims to take Ms. Lamkin's deposition because her Abuse of Process counterclaim against Rothschild, prompted by his improper SDFL Litigation, allegedly reflects bias against AT and its "owners" (Rothschild).[2]

Finally, Starbucks lead outside counsel is not a party to this litigation. As such, the service of any subpoena upon her is governed by Federal Rule of Civil Procedure ("Rule") 45. AT emailed its deposition notice to Ms. Lamkin; AT did not follow the procedures set forth in Rule 45.

### III.    LEGAL AUTHORITY

Federal Rule of Civil Procedure 26(b) provides the permissible scope of discovery, *i.e*., "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1) (as amended 2015).

As the party seeking discovery, AT must establish the threshold burden of whether the sought information is discoverable. Once AT establishes that the requested testimony is within the

---

[2] 1:24-cv-24669-DPG, ECF No. 14.

3

scope of permissible discovery, the burden normally shifts to a defendant to show why discovery should not be permitted. "However, in cases such as this, most courts apply a different test when a party seeks depositions from opposing trial counsel." *Richards v. Lufkin Indus., LLC,* No. 9:14-CV-136, 2017 U.S. Dist. LEXIS 225683, at *5-7 (E.D. Tex. Jan. 23, 2017) (citing *Davis-Lynch v. Weatherford, Int'l, Inc.,* No. 6:07-CV-559, 2009 U.S. Dist. LEXIS 62464, 2009 WL 2174925, at *2 (E.D. Tex. July 21, 2009)(Love, J.)(citing *Nguyen v. Excel Corp*., 197 F.3d 200, 209 (5th Cir.1999); *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). "Because depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances, one would suspect that a request to depose opposing counsel generally would provide a district court with good cause to issue a protective order." *Id*.

To determine when it is proper to allow opposing counsel to be deposed, the Fifth Circuit applies a three-factor test that the party seeking the deposition must meet. *Id*. The factors are: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Davis-Lynch*, 2009 U.S. Dist. LEXIS 62464, at *2 (quoting *Nguyen*, 197 F.3d at 208); *Richards,* 2017 U.S. Dist. LEXIS 225683, at *5-7 (citing *Shelton,* 805 F.2d, at 1327).

### IV.   ARGUMENT

To take the deposition of Starbucks outside counsel, AT must establish three factors: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Davis-Lynch*, 2009 U.S. Dist. LEXIS 62464, at *2 (quoting *Nguyen*, 197 F.3d at 208); *Richards,* 2017 U.S. Dist. LEXIS 225683, at *5-7 (citing *Shelton,* 805 F.2d, at 1327).

AT seeks to depose Ms. Lamkin regarding (1) her declaration at ECF Nos. 78-1 and 84-1, and (2) her alleged bias against AT and "its owners" as reflected in her counterclaim against them in the lawsuit Rothschild and AT filed against Ms. Lamkin personally.  AT's request fails to meet the test set forth in *Shelton* as adopted in the Fifth Circuit by *Nguyen*, *supra* ("the *Shelton* test").

### A. AT HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT MS. LAMKIN'S DECLARATION MEETS THE *SHELTON* TEST

AT seeks to depose Starbucks lead counsel regarding the contents of her fourteen-paragraph declaration (her "[d]eclaration testimony") at ECF Nos. 78-1 and 84-1.

Paragraphs one (1) and two (2) comprise biographical qualifications, they do not contain "[d]eclaration testimony". *See* ECF No. 84-1.

Paragraphs three (3) and four (4) note that Ms. Lamkin commissioned a search of Mr. Rothschild's litigations by Docket Navigator and note the outcomes of those litigations.  Under the *Shelton* test, AT cannot depose Starbucks outside counsel unless "no other means exist to obtain the information than to depose opposing counsel". *Richards*, 2017 U.S. Dist. LEXIS 225683, at *7 (citing *Davis-Lynch* and *Nguyen, supra*). Mr. Rothschild himself is in possession of this information (all litigations filed by Rothschild and the results of said litigations). Further, the records of Mr. Rothschild's litigations are publicly available on PACER. AT can also serve a Rule 45 subpoena upon Docket Navigator and ask them to produce the search and the search request. Thus, AT has multiple other avenues to obtain this information. A deposition of Starbucks counsel is not permitted under well-established law. *See Richards*, 2017 U.S. Dist. LEXIS 225683, at *7.

Paragraph five (5) states, "I have personally explained to counsel for Analytical Technologies, Randall Garteiser, that Starbucks inequitable conduct counterclaim is asserted against Analytical Technologies, not Messrs. Silver and Gastonian, including during a meet and confer on November 14, 2024, and several instances prior." Mr. Garteiser is in possession of this

5

information himself. Further, the information does not appear to be "crucial" to AT's "preparation of the case." *Richards*, 2017 U.S. Dist. LEXIS 225683, at *7 (citing *Davis-Lynch* and *Nguyen, supra*). A deposition of Starbucks counsel is not permitted under the *Shelton* test.

Paragraphs six (6) through twelve (13) merely attach documents to the declaration; they do not contain "[d]eclaration testimony".

Paragraph thirteen (13) states, "I personally entered the routing number on Exhibit G into the American Banker's Association's routing number database, https://routingnumber.aba.com/default1.aspx. None of the bank addresses belonging to that routing number are in Florida." This paragraph merely details the process of entering AT's alleged bank routing number into a publicly available database. This information can be obtained by anyone, including AT and its counsel, by entering AT's alleged bank routing number in the cited database. A deposition of Starbucks counsel is not permitted under the *Shelton* test.

Paragraph fourteen (14) states, "On November 20, 2024, I personally called [redacted bank official name]. I identified myself as Starbucks counsel and identified the case name and number. I described the letter at Exhibit G and asked whether he remembered drafting the letter. He said he did. He told me that 'Leigh' asked him to write it. I asked if 'Leigh' was 'Leigh Rothschild,' and he confirmed same. I asked about the address on the letter and he said it belonged to Patent Asset Management." ECF No. 84-1, ¶ 14. This information describes a conversation between Ms. Lamkin and a bank official who wrote a letter for Leigh Rothschild. The letter was filed at ECF No. 84-8. The information in paragraph 14 can be obtained by deposing either Mr. Rothschild or the bank official. This information can also be provided in an AT bank statement, which AT has refused to produce. Because this information is available from other sources, a deposition of Starbucks counsel is not permitted under the *Shelton* test.

6

AT failed to meet its burden to establish that a deposition of Ms. Lamkin is allowable under the *Shelton* test. *See Richards,* 2017 U.S. Dist. LEXIS 225683, at *6.

### B. AT HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT IT HAS A RIGHT TO DEPOSE MS. LAMKIN REGARDING HER ALLEGED BIAS

AT (Rothschild) also seeks to depose Starbucks outside counsel regarding "any bias she possesses against plaintiff [AT] or its owners based on her court filed causes of actions in the SDFL." Lamkin Decl., Exh. C. The only "court filed causes of action in the SDFL" against AT and "its owners" is the counterclaim Ms. Lamkin filed against AT and Rothschild in response to their lawsuit against Ms. Lamkin personally. Ms. Lamkin has asserted an Abuse of Process counterclaim because Rothschild's SDFL Litigation is without merit and filed solely to try to intimidate Ms. Lamkin and force her to either stop representing Starbucks or convince Starbucks to drop its TUFTA counterclaim in this matter.[3]

Ms. Lamkin's alleged "bias" against AT and/or Rothschild is not relevant to any claim or defense in this litigation; therefore, it is an improper subject of deposition under the *Shelton* test.

### C. AT FAILED TO PROPERLY SERVE MS. LAMKIN

Starbucks outside counsel is not a Party to this litigation. As such, AT was required to serve her in accordance with Rule 45. *See* Fed. R. Civ. P 26(a); 45(b). AT "served" Ms. Lamkin by emailing the deposition notice. But Rule 45(b) states that "serving a subpoena requires delivering a copy to the named person." The Fifth Circuit has interpreted this to mean that serving a subpoena requires personal service. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003). Starbucks outside counsel was not properly served, and AT's deposition notice should be quashed.

### V. CONCLUSION

Starbucks respectfully asks the Court to quash AT's deposition notice of Ms. Lamkin.

---

[3] 1:24-cv-24669-DPG, ECF No. 14.

|  |  |
|---|---|
| Dated: February 17, 2025 | Respectfully submitted, |

                                                            */s/ Rachael Lamkin*

                                                            Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Rachael Lamkin
**BAKER BOTTS L.L.P.**
101 California Street
Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6264
Facsimile:  (415) 291-6364
Email: rachael.lamkin@bakerbotts.com

*Counsel for Starbucks Corporation*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Starbucks met and conferred with counsel for AT to discuss the substantive relief sought in this Motion pursuant to Local Rule CV-7(h). Counsel for Starbucks and AT engaged in a video meet and confer on February 13, 2025. Lead counsel Rachael Lamkin and local counsel McKellar Karr participated for Starbucks. Rene' Vazquez of Garteiser Honea participated for Plaintiff Analytical Technologies. AT opposes this Motion.

*/s/ Rachael Lamkin*
Rachael Lamkin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this February 17, 2025.

*/s/ Melissa R. Smith*
Melissa R. Smith
