# EXHIBIT A

# Lamkin, Rachael

| | |
|---|---|
| **From:** | Randall Garteiser <rgarteiser@ghiplaw.com> |
| **Sent:** | Wednesday, January 8, 2025 8:11 PM |
| **To:** | Lamkin, Rachael |
| **Cc:** | Randy Garteiser; Garteiser Honea Patent Asset Management Team; McKellar Karr; EXT Smith, Melissa (T-Mobile) |
| **Subject:** | Re: AT Rule 30(b)(6) Deposition - AT v. STBX |

[EXTERNAL EMAIL]

We disagree. As a sad analogy, there is a proper approach to preventing wild fires in CA - e.g. implementation of control burns, but that isn't always implemented. As a result, bad things happen to people and property.

Here, Starbucks implied that that AT and its counsel, Garteiser Honea, missed a deadline to file objections, to a Rule 30(b)(6) deposition, as if my client, AT, failed to meet a deadline. I disagreed and indicated that is not true and explained I was not aware of any case law or statute that supports Starbucks' position. Then, I politely, asked Starbucks' for support for its position, but Starbucks failed to provide it. If I am mistaken, again, what is the case law?

As part of a pattern, only Baker Botts billing Starbucks, benefits from this entire email string. It appears Baker Botts has developed a conflict of interest with Starbucks. Baker Botts is now are on notice of this conflict of interest given Baker Botts' actions against Rothschild by providing Bloomberg statements that are not true, apparently done by to disparage him. It's deplorable conduct that Starbucks is responsible for in this particular litigation.


Please course correct, as you must know demanding a deposition at a location outside the district that your client is sued in and without any prior communication with opposing counsel is never appropriate, which only serves to benefit Baker Botts for billing for the deposition notice and resulting communications, including this one, that stem from this improper deposition notice by Baker Botts and paid for by Starbucks. AT reserves its rights.
Please confirm that Starbucks agree to provide a known defective deposition notice in this District without just invoicing for a 5 minute call with opposing counsel for AT to schedule a deposition.

Thanks in advance for Starbucks' prompt response to this narrowly tailored and explicit question.

Be well,
Randy



> On Jan 8, 2025, at 3:06 PM, Lamkin, Rachael <rachael.lamkin@bakerbotts.com> wrote:
>
> Randy,
>
> There is a proper procedure to be employed when objecting to a properly served Rule 30(b)(6) deposition. Please follow it.

1

If you would like to propose (i) dates certain for production of documents and (ii) dates certain for the deposition and (iii) a list of deponents for each topic and (iv) a proposed location for said deposition, we will consider.  Else move for a protective order.  We will not participate in this haphazard process.

Rachael

**From:** Randall Garteiser <rgarteiser@ghiplaw.com>
**Sent:** Wednesday, January 8, 2025 1:03 PM
**To:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>
**Cc:** Randy Garteiser <rgarteiser@ghiplaw.com>; Garteiser Honea Patent Asset Management Team <ghpam@ghiplaw.com>; McKellar Karr <McKellar@gillamsmithlaw.com>; EXT Smith, Melissa (T-Mobile) <melissa@gillamsmithlaw.com>
**Subject:** Re: AT Rule 30(b)(6) Deposition - AT v. STBX

**[EXTERNAL EMAIL]**

Also, we do not agree to a deposition in Houston.

> On Jan 8, 2025, at 1:12 PM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>
> That date does not work for us.  We will get you another date.
> Objections are due anytime before the deposition takes place, so if you are referring to statute/rule that I'm not aware of.
>
>> On Jan 7, 2025, at 1:11 PM, Lamkin, Rachael <rachael.lamkin@bakerbotts.com> wrote:
>>
>> Randy,
>>
>> We still have not received your designated deponents for the Rule 30b6 deposition of AT on January 21, 2025 in Houston.  This deposition was properly noticed, we have received no objections, you have not asked for a different deposition date.  As such, this deposition will go forward on 1/21 and we will seek fees if AT fails to show.
>>
>> As you know, I am happy to work with you cooperatively, to extend professional courtesies, and the like but you cannot simply ignore lawfully served discovery.
>> Rachael